UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**THOMAS FRANK OWEN,**
               Plaintiff,

Vs.                                             Case No: 10-286

**DAVID MORGAN**, Sheriff
of Escambia County, Florida;
Deputy Sheriff **JOHN MATTHEW WATKINS**,
#292; and other yet to be identified
Escambia County Deputy Sheriffs,
               Defendants.
_____/

## **COMPLAINT**

Plaintiff, THOMAS FRANK OWEN, by and through his undersigned counsel, sues Defendants, DAVID MORGAN, Sheriff of Escambia County in his official capacity, and Deputy Sheriff JOHN MATTHEW WATKINS, in both his individual and official capacities, and alleges as follows:

## **PARTIES**

1. This is a civil action seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and the State of Florida; for failing to have constitutionally sufficient policies and procedures which resulted in one or more of the Defendants

1

using excessive force against the Plaintiff on April 26th, 2009 in Escambia County, Florida.  The court has jurisdiction of this action under *42 U.S.C. § 1983* and *28 U.S.C. § 1343*.

2.  The court also has jurisdiction under *28 U.S.C. § 1331* and the laws of the State of Florida.

3.  All of the primary events giving rise to this cause of action occurred in Escambia County, Florida.

4.  This is an action in which the Plaintiff seeks damages in excess of $15,000.00, exclusive of interest, costs and attorney's fees.

5.  Attorney's fees and costs in all civil rights claims are authorized in accordance with *42 U.S.C. § 1988*.

6.  The Plaintiff is THOMAS FRANK OWEN, (hereinafter "Plaintiff") who is a resident and citizen of Escambia County, Florida and the United States of America.

7.  Defendant, DAVID MORGAN (hereinafter "Morgan") was Sheriff of Escambia County, Florida and a resident of Escambia County, Florida at all times relevant to this complaint.  Morgan had the responsibility to promulgate and publish policies and procedures to his Deputy Sheriffs to regulate and control their conduct within the

boundaries and restrictions of the Constitution of the United States. Morgan is sued in his official capacity.

8. Defendant, JOHN MATTHEW WATKINS (hereinafter "Watkins") was a Deputy Sheriff of the Escambia County Sheriff's Office at all times relevant to this complaint. Watkins was a canine officer who was in charge of and had control over a canine known as "Bob." Watkins is sued in his individual and official capacities.

## **FACTS**

9. On April 7th, 2009, the Plaintiff went into the Regions Bank located in Escambia County, Florida and presented a note to a teller demanding money.

10. The teller complied with the Plaintiff's demand and gave him money from the bank. The Plaintiff then fled from the bank.

11. One of the bank employees activated a robbery alarm which resulted in the Escambia County Sheriff's Office responding to the alarm. One of the responding officers was Watkins.

12. Witnesses outside the bank saw the Plaintiff run into a wooded area and reported their observations to the responding Deputy Sheriffs.

13. The Plaintiff hid under a bridge in a wooded area in the vicinity of the bank for a period of ten to fifteen (10-15) minutes before being located by Watkins and other officers.

14. The Plaintiff informed Watkins and the other Deputy Sheriffs that he was surrendering. At the time the Plaintiff informed the officers that he was surrendering, he was face down on the ground. One of the Deputy Sheriffs told the Plaintiff not to move and the Plaintiff complied with the officer's command.

15. There were a number of officers present when the Plaintiff was located and told to remain on the ground.

16. The Plaintiff complied with the officer's command and remained motionless and face down on the ground.

17. Watkins then deployed/released K-9 "Bob" who attacked the Plaintiff while he was lying motionless and face down on the ground. At the time Watkins deployed/released K-9 "Bob" he commanded the canine to "sic him."

18. The Plaintiff suffered wounds to his throat from the canine attack that were potentially fatal and required hospitalization.

19. Watkins then documented the use of K-9 "Bob" and intentionally omitted that the Plaintiff had surrendered prior to the

release of the canine and that the canine had attacked the Plaintiff by going for his throat.

## COUNT I
### (Civil Rights Claim – Fourth Amendment)

20.  The Plaintiff incorporates paragraphs one through nineteen (1-19) above.

21.  The Defendant Watkins acting under color of law and his authority as a Deputy Sheriff of Escambia County, Florida applied excessive and unconstitutional force against the Plaintiff in the un-necessary deployment of a police canine.

22.  The excessive force applied to the Plaintiff by the above Defendant caused serious physical and emotional injuries to the Plaintiff.

23.  The Plaintiff, despite complying with the demands of the Defendant and other officers of the Escambia County Sheriff's Office, was the victim of excessive and unnecessary force.

24.  The Plaintiff was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

25. As a result of the Defendants' actions committed against him, the Plaintiff has suffered physical and emotional injuries to include pain, scarring, embarrassment, humiliation, fear, and anxiety.

26. The acts of the Defendant Watkins were intentional, wanton, malicious, and oppressive, thus entitling the Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Watkins and other unnamed Escambia County Deputy Sheriffs for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Watkins for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

**COUNT II**
**(Civil Rights Claim –Official Capacity)**
**(K-9 Policy)**

27. The Plaintiff incorporates paragraphs one through nineteen (1-19) above.

28. Prior to the incident involving the Plaintiff, the Defendant Morgan was made aware of problems involving the use and deployment of agency canines by his Deputies that resulted in

excessive force being applied to and injury to citizens of Escambia County, Florida.

29.  Morgan took no remedial actions to formulate policy or institute training that would prevent excessive force from being applied to citizens of Escambia County, Florida to include the Plaintiff.

30.  Morgan failed to institute a policy of documentation and supervision concerning the use of canines that would have identified problems with the use of agency canines and prevented excessive force being used against citizens of Escambia County, Florida to include the Plaintiff.

31.  Acting under color of law and pursuant to official policy, practice or custom, Morgan intentionally, knowingly and recklessly failed to supervise and control on a continuing basis the Defendant Watkins and his K-9 "Bob" thus allowing the use of unreasonable and excessive force before, during, or after the making of an arrest.

32.  Morgan knew or should have known that, had he exercised his duties to supervise and control the Deputy Sheriffs assigned canines including the Defendant Watkins, the excessive force applied to the Plaintiff would not have been utilized.

33.  Morgan could have, by the exercise of reasonable diligence, prevented the excessive use of force against the Plaintiff but intentionally, knowingly, or recklessly failed or refused to do so.

34.  As a result of Morgan's actions, the Plaintiff has suffered physical and emotional injuries to include embarrassment, humiliation, fear, and anxiety as a result of the acts committed against him by the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Morgan in his official capacity for compensatory damages together with interest plus attorney's fees and costs, and such other relief as the court deems just and equitable.

### Count III
(Battery – State Law Claim)

35.  The Plaintiff incorporates paragraphs one through nineteen (1-19) above.

36.  The Plaintiff did suffer a harmful and offensive contact by the Defendant Watkins and other unnamed Escambia County Deputy Sheriffs in that he was unreasonably attacked by police K-9 "Bob", after he had surrendered.

37. The offensive contact was committed by the Defendants Watkins and other unnamed Escambia County Deputy Sheriffs who intended that such offensive contact occur to the Plaintiff.

38. As a result of the Defendant's actions committed against him, the Plaintiff has suffered physical and emotional injuries to include scarring, pain, embarrassment, humiliation, fear, and anxiety.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Watkins for compensatory damages together with interest plus attorney's fees and costs and further demands judgment against Watkins for punitive damages, together with attorney's fees plus the costs of this action and such other relief as the court deems just and equitable.

## JURY DEMAND

The Plaintiff demands a jury trial on all such issues triable before a jury.

## SUBSEQUENT AMENDMENT

The Plaintiff moves this Honorable court to allow amendment of this complaint to add additional Defendants and counts as discovery is accomplished.

Done this 9th day of August 2010 in Crestview, Okaloosa County, Florida.

Respectfully submitted,

/s/ *James R. Murray*
James R. Murray
James R. Murray, P.A.
P. O. Box 125
Crestview, FL 32539
850 423-5605
Fla. Bar No: 0299162
Attorneys for the Plaintiffs

Eric D. Stevenson
David Lee Sellers, P.A.
919 North 12th Avenue
Pensacola, FL 32501
850 434-3111
Fla. Bar No: 144495
Attorneys for the Plaintiffs
